## WOODS v. BRYAN.

1. A CONFESSION OF JUDGMENT, based upon a detailed statement of a note, is void, under section 384 of the Code of Procedure, for failing to state the facts out of which arose the indebtedness represented by this note.[1]

2. IBID.—APPEAL.—If a confession of judgment, otherwise void for insufficient statement, could be made valid to the extent of the costs of suit, itemized in the statement contained in the confession, no such ruling can be made on appeal where the question was not raised on Circuit.

3. IBID.—REVIVAL—PARTIES AND PRIVIES.—A confession of judgment being void for non-compliance with the statutory requirements, it cannot, by successive renewal of execution and revival of judgment under orders of court, be made valid as against a subsequent mortgagee, not a party to these proceedings in court.

4. IBID.—COLLATERAL ATTACK.—Where a mortgagee institutes his action of foreclosure in equity against the mortgagor and a claimant of the mortgagor's title under a sale by the sheriff under a prior judgment against the mortgagor, alleging that this judgment was void for insufficiency and fraud, this is not a collateral attack upon the judgment; and in this action, this judgment, interposed as a defence, may be disregarded if found to be void.

Before GARY, J., Marion, April, 1893.

Action by Charles A. Woods against Marvin Q. Bryan and Elizabeth S. Bryan, commenced March 20, 1888, and heard before Ernest Gary, Esq., judge-elect of the Fifth Circuit, holding the courts of the Fourth Circuit by special appointment.

*Mr. Ferd D. Bryant,* for appellants.

*Mr. W. J. Montgomery,* contra.

March 14, 1894.　The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. On January 10, 1885, M. Q. Bryan purchased a plantation in Marion County known as the "J. Moody place" from Anna L. Gorham. Part of the purchase money ($200) was secured by the note of the said Bryan and a mortgage of his "Ariel place." As soon as the papers

---

1 See note in 13 L. R. A., 796.

were prepared in the presence of Bryan, the note and mortgage were transferred, for valuable consideration, to the plaintiff, C. A. Woods.   When the note became due, Bryan paid the interest up to December, 1886, and was granted indulgence to that time by the assignee, the plaintiff.   There was no serious proof against the consideration or *bona fides* of the debt and mortgage, but the defence was set up by Mrs. Elizabeth S. Bryan, wife of the mortgagor, M. Q. Bryan, who for the reason hereafter stated was made a party defendant.   The facts are a little complicated, and in order to make clear the point raised by her, it will not be out of place to make a short statement with special reference to the numerous dates of the different transactions.

On March 10, 1876, the person who afterwards executed the note and mortgage in question, viz: M. Q. Bryan, confessed a judgment before the clerk of the court, for several hundred dollars, to one Francis W. Kerchner, under section 384 of the Code, upon the following statement: "This confession of judgment is for money justly due to the plaintiff (F. W. Kerchner) arising upon the following facts: Balance on my note for five hundred and fifty-three and 6–100 dollars, dated January 26, 1874, with credit thereon same day of $225, and $2 sheriff's costs, and $15 plaintiff's costs incurred in suit on said claim, amounting in all to three hundred ninety-three and 79–100 dollars.   (Signed) M. Q. Bryan, defendant."   On November 16, 1880, the execution on this confessed judgment was renewed by order of court, and in May, 1893, the debt and interest apparently due on this judgment of F. W. Kerchner *v.* M. Q. Bryan was assigned to Mrs. E. S. Bryan without recourse, and also stated clerk's and sheriff's costs, amounting to $12.30. On January 18, 1885, the said M. Q. Bryan, as before stated, executed the mortgage in question, which soon after was assigned, for valuable consideration, to the plaintiff, C. A. Woods.

On January 17, 1887, Mrs. Bryan, as assignee of the judgment confessed to Kerchner, had it revived by order of the court; and under the judgment thus revived she had the mortgaged tract of land levied on and sold by the sheriff, at whose

sale she became herself the purchaser for $50, and received sheriff's title for the same. And very soon thereafter the plaintiff Woods instituted this proceeding to foreclose his mortgage against the mortgagor, M. Q. Bryan, making his wife, Elizabeth S. Bryan, also a party defendant. The. complaint sought to have the deed to Mrs. Bryan declared void, both upon the ground of actual fraud in the assignment of the Kerchner judgment to her, and also upon the ground that the confession of that judgment assigned to her, and under which she bid off the land at sheriff's sale, was null and void, the consideration, the facts, "out of which the alleged indebtedness arose," not being stated as required by law.

The defendants both answered, denying all the allegations of fraud, and insisting that the confession of judgment to Kerchner was in all respects legal and valid, and had an older and superior lien upon the tract of land than that of the mortgage of the plaintiff. And, besides, interposed a demurrer as follows: "(1) That if the facts stated in the amended complaint be admitted as a whole, they do not constitute a cause of action. (2) The validity of a judgment can not be attacked collaterally, but, under the practice in this State, should be on motion to vacate, and this being a separate cause of action, is improperly united with the plaintiff's cause of action to foreclose a mortgage. (3) The fact of revival of the said judgment, and the renewal of execution thereto, being stated in the amended complaint, the plaintiff is estopped from again bringing its validity in question. *It is res adjudicata.* (4) That the dates given by plaintiff in the second paragraph of the said amendment as to the original entry of the said judgment and the subsequent revival thereof, plainly states himself out of court on that position," &c.

The cause came on to be heard by His Honor, Judge Gary, who held that the judgment confessed by M. Q. Bryan to Kerchner "before the clerk" was not in compliance with law; and also that neither the renewal of the execution nor revival of the judgment, simply between the parties, could have the effect of giving vitality to a judgment which was absolutely void, certainly not as to all persons who were neither parties nor privies; and that the plaintiff was neither a party or privy

in the Kerchner so-called judgment.  And, therefore, he decreed foreclosure.

From this decree Mrs. Elizabeth S. Bryan appeals to this court upon the following grounds, alleging error: *First.* In holding the "statement in the judgment of Kerchner *v.* Bryan insufficient," the statement containing certain items of costs incurred by the plaintiff therein in suit on said claim prior to the confession of judgment, in addition to the amount of the note stated therein, and the statement in the confession of judgment ought to have been held good to the amount of such items, if not for the whole.   *Second.* In not holding that if the statement in the original confession of judgment was insufficient, the subsequent renewal by order of court on November 16, 1880, after summons duly served and default, and again the revival of judgment and renewal of execution in same manner on June 17, 1887, cured any defects in the original judgment, and estopped the judgment debtor, or other person claiming under him, from again bringing its validity into question. *Third.* In overruling the defendants' demurrer that the judgment could not be attacked in this collateral manner, but should be by motion to vacate; which being a separate cause of action, could not be united with an action to foreclose a mortgage. *Fourth.* In overruling the demurrer, and refusing to strike out the amendment to the complaint for the reasons stated in the demurrer and in No. 2 above.   *Fifth.* In not holding that the lien of the judgment of Kerchner *v.* Bryan was superior to that of the plaintiff's mortgage—at least, after the judgment for renewal of execution thereon; and the defendants' rights having become vested by sale of the premises thereunder, could not be disturbed by the lien or foreclosure of the mortgage.

*Additional grounds of appeal:* (1.) In allowing the testimony of J. M. Johnson and of R. J. Blackwell relative to the transfer of the Kerchner judgment, the plaintiff being a subsequent creditor; and in allowing J. M. Johnson, a witness of plaintiff, to testify as to the declarations of W. C. Gorham, and excluding declarations of said party in reply by a defendant.   (2) In refusing non-suit for grounds stated in the case, and in allowing the testimony of W. C. Gorham in reply.

The plaintiff also notified the parties that he would ask the court to hear him, if necessary, in support of the decree, upon the following additional grounds: (1) Because the facts proved in the case sustain the charge of fraud as alleged in the seventh paragraph of the complaint. (2) Because the facts proved in the case sustain the allegations of the fifth paragraph of the complaint, that M. Q. Bryan was entitled to "homestead," &c. (Abandoned.)

Under the view which was taken by the Circuit Judge, he made no ruling upon the issue of actual fraud, for the reason, doubtless, that he considered it unnecessary. The case was decided on the other ground of the insufficiency of the "statement," upon which was based the judgment confessed before the clerk to Kerchner, and by him assigned to Mrs. Bryan. In order to prevent repetition, we will not consider separately the demurrer and the motion for non-suit; for the reason that they involve the identical questions of law, that are made in the grounds of appeal. As the Circuit Judge said: "The real issue then is as to the priority of the judgment confessed before the clerk, and the lien of the mortgage herein sought to be foreclosed."

Exception 1 complains that it was error in the Circuit Judge to hold that the statement upon which the judgment was confessed to Kerchner was "insufficient," under section 384 of the Code, for the reason that it made reference to a note, without stating the facts out of which it arose. It is certainly well settled in this State, that a description of a note, without a statement of the indebtedness for which the note was given, is not sufficient to sustain a confession before the clerk. See *Weinges* v. *Cash*, 15 S. C., 44, and *Ex parte Carroll*, 17 *Id.*, 446. In the case of Carroll, the present Chief Justice said: "The defect in the judgment is substantial, not of form merely. If the statement required by the Code was not made, then there was no authority to enter the judgment, and, so far as third persons are concerned, it was without any validity, and absolutely void," &c.

But it is said that the statement contained two items of costs, sheriff's $2 and plaintiff's attorneys $15, incurred in suit on

said claim, and the judgment should have been held good, at least to that extent. Section 385 of the Code, for a confession before the clerk, allows $5 costs, which, as far as appears, was not included in the "statement" which was the foundation of the judgment. Without stopping now to inquire whether a judgment, otherwise absolutely void, could be made legal and valid to the extent of costs charged by the officers of court, for services rendered in obtaining that judgment, it is sufficient to say here that no such question was made in the court below. No such question was brought to the attention of the Circuit Judge, and, of course, he made no ruling upon it. This court, in cases of this kind, having only appellate jurisdiction, cannot consider an original question, made here for the first time. *Turbeville* v. *Flowers*, 27 S. C., 331; *Ex parte Carroll, supra.* This exception cannot be allowed.

Exceptions 2 and 5 charge that, even if the "statement" in the original confession of judgment was insufficient, the subsequent renewals of the execution and the revival of the judgment, cured all defects in the original judgment, and estopped the judgment debtor, or other person claiming under him, from again bringing its validity into question. It must not be overlooked that we have just decided that the confession of judgment to Kerchner was absolutely void. That being the case, it is said in section 117 of Freeman on Judgments, "that a void judgment is in legal effect no judgment. By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceedings upon it are equally worthless. It neither binds or bars any one. All acts performed under it and all claims flowing out of it are void. The parties attempting to enforce it may be responsible as trespassers. The purchaser at a sale, by virtue of the authority of it, finds himself without title and without redress. The first and most material inquiry in relation to a judgment or decree, then, is in relation to its validity. For, if it be null, no action upon the part of the plaintiff, no inaction upon the part of the defendant, no resulting equity in the hands of third persons, no power residing in any legislative or other department

of government, can invest it with any of the elements of power or vitality," &c.

It is true that a defendant in execution may, by his consent. or default, or in many other ways, estop himself from objecting afterwards to the execution; but that depends upon the doctrine of *res adjudicata*, a species of estoppel. The doctrine is very far-reaching, but it is strictly limited to the parties to the record and their privies. *Hart* v. *Bates*, 17 S. C., 41. It does not reach to strangers outside of the record. We do not think that either the renewals of the execution or the revival of the judgment between the parties had the effect of giving life and vitality to the confessed judgment, so as to change the rights of the plaintiff Woods, who was neither a party nor privy thereto.

Exceptions 3 and 4 complain that there was error in overruling the defendant's demurrer, that the judgment could not be attacked in this collateral manner, but should be by motion to vacate; which being a separate cause of action, could not be united with an action to foreclose a mortgage, &c. We do not regard this as a collateral attack upon the confessed judgment. The plaintiff instituted suit in equity to foreclose a mortgage upon a tract of land, charging, among other things, fraud. The defendants made defence, that Mrs. Bryan had title to the land, which she had purchased at sheriff's sale, under the judgment of Kerchner *v.* M. Q. Bryan, the lien of which was older and superior to that of the plaintiff's mortgage; and in order to make good her claim, she offered in evidence the record of that judgment; when it appeared, from the mere inspection of the record, that the said judgment had not been obtained according to law, and was absolutely void— certainly as against all but the parties to the record and their privies. In the progress of the case, this judgment was encountered, and we do not think that it was error to disregard it. As was said in the case of *Turner* v. *Malone*, 24 S. C., 401: "If the infirmity appears in the record itself, that is, no doubt, conclusive, and the judgment may be disregarded as a nullity whenever and wherever it is encountered, in any proceeding, direct or collateral, as in the cases of *Hill* v. *Robertson*, 1 Strob., 1; *Bull* v. *Rowe*, 13 S. C., 355, and *Clark* v. *Melton*, 19 *Id.*, 498."

The defendants' supplementary exceptions as to the competency of certain testimony upon the issues of actual fraud, as well as plaintiff's additional grounds in support of the Circuit decree, may be considered as, in effect, disposed of by what has already been said.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.